IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR290 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| GANNY T. PARKER, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR"). No objections were filed as required; however objections appear in the Addendum, to the PSR. *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The plea agreement provides that the Defendant, Ganny T. Parker, is responsible for at least 20 but less than 40 kilograms of marijuana and therefore his base offense level is 18. The PSR states that he is responsible for 10.75 kilograms of marijuana and that his base offense level is 16. The PSR includes a 2-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm and ammunition in relation to the offense. The PSR also includes a career offender adjustment. The Defendant raises several objections, which are briefly discussed below.

### ¶ 19 - *Cash Conversion/Drug Amount*

Even with the cash conversion in the PSR, the drug amount and base offense level are less than those envisioned in the plea agreement. The objection is denied.

### *¶ 27 - Gun Enhancement*

The objection will be heard at sentencing, unless it has been withdrawn. The burden is on the government by a preponderance of the evidence.

### *¶¶ 33, 36 - Total Offense Levels*

The objection is denied for the reasons stated in the Addendum. The Court notes that the Addendum reflects no objection to the Defendant's career offender status, which is a factor relating to the final total offense level.

### *¶¶ 43, 47 - Prior Offense*

The Court is without information relating to the Defendant's objection. Nevertheless, unless the issue is waived the matter will be heard at sentencing, in particular as this prior conviction also results in two additional criminal history points in ¶ 47. The government has the burden by a preponderance of the evidence.

### *¶ 45 - Alleged Gang Activity*

The objection to this paragraph is denied. The information does not affect the guideline calculation and is useful to the Bureau of Prisons.

The Court advises counsel that it cannot adequately address objections which it has not read. This is the case in situations such as the instant case in which objections are not filed with the Court but rather were merely communicated to the probation officer. Counsel is advised to abide by the requirements of ¶ 6 of the Order on Sentencing Schedule and either file objections or a "Statement" indicating that, despite objections referred to in the Addendum, the party has no objections to the PSR.

IT IS ORDERED:

1. The Defendant's Objections to ¶¶ 19, 33, 36, and 45 of the PSR (Addendum) are denied;

2. The Defendant's objections to ¶¶ 27, 43, and 47 of the PSR (Addendum) will be heard at sentencing, unless the objections are waived;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 2nd day of September, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge